UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARI GOLD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | Case No. 20-CV-02990-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 17 |

Plaintiff Ari Gold ("Plaintiff") brings suit against Defendants California Highway Patrol ("CHP"), Christopher Weaver ("Officer Weaver"), Kristin Cho ("Officer Cho"), and officers whose identities are unknown to Plaintiff (collectively, "Defendants") based on excessive force. Before the Court is the motion of Plaintiff Ari Gold ("Plaintiff") for attorneys' fees and costs related to service of the complaint on Officers Weaver and Cho, ECF No. 17. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs.

1

Case No. 20-CV-02990-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

## I. BACKGROUND

On July 23, 2019, CHP officers, including Officer Weaver and Officer Cho, reported to a residence in Salinas, California, where they encountered Plaintiff. ECF No. 1-1 ("Compl.") ¶ 11. During the encounter, Officers Weaver and Cho fired shots at Plaintiff, who was struck in the hip and spine. *Id*. Plaintiff was paralyzed as a result of the shooting. *Id*. at 12.

On March 11, 2020, Plaintiff filed suit against Defendants in the Superior Court of California, County of Monterey. ECF No. 1. Plaintiff alleged five causes of action: (1) battery; (2) negligence; (3) negligent hiring, training, and supervision; (4) violation of the Bane Act; and (5) unlawful search and excessive force in violation of the Fourth Amendment. Compl. ¶¶ 16–40. Plaintiff served CHP, which removed the instant case to this Court on April 30, 2020. ECF No. 1.

Plaintiff twice attempted to serve Officers Weaver and Cho with requests to waive service. Kodical Decl. ¶ 2. On May 5, 2020, Plaintiff's counsel emailed Defendants' counsel to ask whether Defendants' counsel would acknowledge service on behalf of Officers Weaver and Cho. Opp'n Exh. A at 11. On May 10, 2020, Defendants' counsel informed Plaintiff's counsel that he could not accept service on the officers' behalf and that the officers would not waive service. *Id*. at 9. Defendants' counsel requested that Plaintiff personally serve each officer with the complaint, acknowledging that "CHP is aware that it may have to pay the expense of personal service." *Id*. at 9.

On May 10, 2020, Plaintiff's counsel responded by calling the officers' refusal "absurd" and stating: "I will seek attorney fees in addition to service costs and make it a point to show that this is a ridiculous waste of taxpayer funds." *Id*. at 9. Plaintiff's counsel vowed to "aggressively pursue this issue." *Id*. at 9. In a May 15, 2020 response, Defendants' counsel renewed his request for the officers to be personally served and acknowledged that "Defendants understand that they may be obligated to pay the expenses associated with service; and that you are planning to file requests for sanctions and attorneys' fees." *Id*. at 8.

On June 23, 2020, Defendants' counsel informed Plaintiff's counsel that the wrong

Christopher Weaver had been served and requested that the papers be sent to a CHP office. Id. at 7. In a response that same day, Plaintiff's counsel stated: "Be advised we have prepared a motion for fees and costs and requested sanctions. We will add additional fees since your client continues to resist reasonable service" *Id.* at 6. Plaintiff's counsel expressed his view that "[i]t's unfortunate that officials at CHP think it is proper to waste taxpayers funds in such a manner. I personally resent their actions in this matter and hope the court will give me an opportunity for a hearing." *Id.* at 6.

On June 26, 2020, after service on all Defendants was accomplished, Defendants' counsel asked Plaintiff's counsel to send "an itemization of your service expenses for the officers." *Id.* at 4. Plaintiff's counsel responded by telling Defendants' counsel: "I believe it is important for me to make the Court aware of CHP's policy, and if not policy, their lack of deference to the Court and FRCP." Id. at 4. Plaintiff's counsel told Defendants' counsel: "I have already drafted a motion [for attorneys' fees] and only await final billing from the process service before filing." *Id.* at 4. Defendants' counsel responded by stating, "I understand your position. . . . I'm just saying that you don't need to file a motion to recover your service expenses. If you send me the cost itemization then I will forward it to CHP." *Id.* at 3. Plaintiff's counsel sent a rough estimate of the expenses and later stated "[y]our client will see the amounts when the motion is filed." *Id*.

On July 15, 2020, Plaintiff filed the instant motion for attorneys' fees and costs related to service of the complaint on Officers Weaver and Cho, along with a supporting declaration from Plaintiff's counsel. ECF No. 17 ("Mot."); Schmidt Decl. On July 29, 2020, Defendants filed an opposition, along with a supporting declaration from Defendants' counsel. ECF No. 20 ("Opp'n"); Kodical Decl. Both Plaintiff and Defendants included the emails between Plaintiff's counsel and Defendant's counsel as exhibits to their respective filings. ECF No. 17-2; ECF No. 20 Exh. A. On July 31, 2020, Plaintiff filed a reply. ECF No. 23 ("Reply").

3
Case No. 20-CV-02990-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

## II. DISCUSSION

Under Federal Rule of Civil Procedure 4(d)(1) "[a]n individual, corporation, or association that is subject to service . . . has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). To implement this policy, Rule 4(d)(1) permits a plaintiff to request that a defendant waive service of the summons. *Id.*

"Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff." *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012). Under Rule 4(d)(2), a defendant who fails to execute a valid waiver without good cause must pay "the expenses later incurred in making service" and "the reasonable expenses, including attorneys' fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

In the instant case, the parties agree that (1) Plaintiff sent a valid request for a waiver, and (2) Officers Cho and Weaver failed to execute the waiver without good cause. Accordingly, the parties agree that Defendants must pay the expenses Plaintiff incurred in making service—specifically, the $697.95 that Plaintiff spent on process servers. *See* Opp'n at 1 ("Defendants agree to pay Plaintiff's service expenses of $697.95 . . . ."). The Court agrees with the parties that Defendants must pay these expenses. *See* Fed. R. Civ. P. 4(d)(2)(A) (requiring a defendant who fails to waive without good cause to pay "the expenses later incurred in making service").

The parties' dispute is about whether Defendants must also pay attorneys' fees for time Plaintiff's counsel spent effecting service and making a motion for service expenses. As explained more fully below, the Court concludes that Defendants are required to pay attorneys' fees for time spent effecting service, but not for time spent making the instant motion.

In interpreting Rule 4(d)(2), the Court looks at the plain language of the Rule. *See Golden W. Refining Co. v. SunTrust Bank*, 538 F.3d 1233, 1238 (9th Cir. 2008) ("If the language of a statute is clear and unambiguous there is no need for construction . . ."); *Madison v. Goldsmith & Hull*, Case No. 13-CV-01655-EJD, 2013 WL 5769979, at *4 (N.D. Cal. Oct. 24, 2013) (looking at

4

the plain language of Rule 4(d)(2)). Rule 4(d)(2)(B) states that a defendant must pay "the reasonable expenses, including attorneys' fees, of any motion *required* to collect those service expenses." Fed. R. Civ. P. 4(d)(2) (emphasis added).

The Court denies attorneys' fees associated with making the instant motion because a motion was not "required" to collect service expenses. Indeed, prior to the filing of the instant motion on July 15, 2020, Defendant's counsel made four statements acknowledging that Defendants may have to pay service expenses:

- As early as May 10, 2020, six weeks before the officers were served, Defendants' counsel acknowledged that "CHP is aware that it may have to pay the expense of personal service." Opp'n Exh. A at 9.

- On May 15, 2020, Defendant's counsel reiterated that "Defendants understand that they may be obligated to pay the expenses associated with service; and that you are planning to file requests for sanctions and attorneys' fees." *Id.* at 8.

- On June 26, 2020, after service was complete, Defendant's counsel proactively asked Plaintiff's counsel to send "an itemization of your service expenses for the officers." *Id.* at 4.

- On June 26, 2020, Defendant's counsel told Plaintiff's counsel: "I'm just saying that you don't need to file a motion to recover your service expenses. If you send me the cost itemization then I will forward it to CHP." *Id.* at 3.

These statements demonstrate that a motion was not required. Rather, Plaintiff's counsel could have simply forwarded the service expenses to Defendant's counsel without making a motion. Because a motion was not required to collect service expenses, Rule 4(d)(2) does not obligate Defendants to pay the attorneys' fees associated with making the motion. *See* Fed. R. Civ. P. 4(d)(2)(B) ("the reasonable expenses, including attorneys' fees, of any motion required to collect those service expenses").

Plaintiff relies on two cases in support of the motion for attorneys' fees, but neither case involves the circumstances here—when a defendant has offered to pay for service expenses before a motion is made. First, Plaintiff cites *Premier Bank, National Association v. Ward*. 129 F.R.D.

500 (M.D. La. 1990). However, in that case, the defendant never made an offer to pay for the costs of personal service. *Id.* at 501. By contrast, in the instant case, Defendants' counsel made four statements acknowledging that Defendants may have to pay service expenses and explicitly offered to pay service expenses. *See* p. 5, *supra*.

The second case cited by Plaintiff, *Double "S" Truck Line v. Frozen Food Express*, is also factually inapplicable. 171 F.R.D. 251 (D. Minn. 1997). Indeed, in *Frozen Food*, the Plaintiff requested reimbursement for the costs of obtaining personal service and "the Defendant advised the Plaintiff that, absent a Court Order, it would not pay the cost of service." *Id.* at 252. However, in this case, Defendant's counsel expressed willingness to pay for the cost of service and even requested Plaintiff's service expenses. *See* p. 5, *supra*.

Defendants cite *Rollin v. Cook*, which is also distinct from this case. 466 F. App'x 665 (9th Cir. 2012). In *Rollin*, the defendants "failed to pay service expenses until after Rollin had filed a motion to collect them." *Id.* at 667. However, in the instant case, Defendants made multiple statements acknowledging that they may have to pay service expenses and even offered to pay service expenses before the motion was made. *See* p. 5, supra. Therefore, this case is distinct from the cases cited from the parties.

Plaintiff also points out that Plaintiff's counsel began work on a motion for service expenses on June 8, 2020 and completed it on June 20, 2020, before Plaintiff's counsel received the emails from Defendants' counsel on June 23, 2020 and June 26, 2020 . Reply at 2. However, on May 10, 2020 and May 15, 2020, three weeks before the motion was first drafted, Defendants' counsel had already stated twice that Defendants were aware they may have to pay the expenses of personal service on the officers. Opp'n Exh. A at 9, 10.

Instead of following up on these statements and meeting and conferring with Defendants to determine whether a motion was necessary, Plaintiff's counsel chose to draft an unnecessary motion. The Court does not see why Plaintiff's counsel should get fees for drafting a motion that

6
Case No. 20-CV-02990-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

was unnecessary. Instead, the Court encourages Plaintiff's counsel to meet and confer with opposing counsel in the future to avoid unnecessary motions and conserve the time of counsel and the Court. Indeed, Local Rule 54-5 imposes a duty on counsel to meet and confer before making a motion for attorneys' fees following the entry of judgment. *See* Civ. Local R. 54-5 ("Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorneys' fees before making a motion for award of attorneys' fees."). Although this Local Rule governs motions for attorneys' fees following the entry of judgment, the Court encourages counsel to meet and confer before making any motions for attorneys' fees to ensure that such motions are necessary. Thus, because a motion was not required, the Court denies Plaintiff's motion for attorneys' fees for time spent making the instant motion.

As explained above, the Court grants Plaintiff's motion for attorneys' fees for time spent effecting service. *See* p. 4, *supra*. In Plaintiff's counsel's billing records, of the 8.90 hours requested, 6.70 hours are explicitly tied to the motion for attorneys' fees. Schmidt Decl. ¶ 4 (billing 1.80 hours to research the motion, 1.20 hours to draft the motion, 2.00 hours to draft the motion and declaration, 1.00 hours to finalize the motion, 0.10 hours to review the summary, and 0.60 hours to review the motion for filing and signature). Those hours are excludable because a motion was not required to collect service expenses. *See* p. 5–7, *supra*.

Of the remaining 2.20 hours, it is not entirely clear which entries are tied to effecting service, and which are tied to making the instant motion. For example, while Plaintiff's counsel bills for emails written to Defendants' counsel regarding service, several of these emails also address Plaintiff's counsel's forthcoming motion. *See, e.g.*, Opp'n Exh. A at 6 ("Be advised we have prepared a motion for fees and costs and requested sanctions."); *id.* at 9 ("I will seek attorney fees in addition to service costs and make it a point to show that this is a ridiculous waste of taxpayer funds"). The only entry explicitly tied to effecting service is a Service Update, which consumed 0.20 hours. Schmidt Decl. ¶ 4 Accordingly, the Court grants Plaintiff's motion for

attorneys' fees in the amount of 0.20 hours at a rate of $400 an hour for a total of $80 in attorneys' fees.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs. Defendants shall pay Plaintiff's service expenses of $697.95 and $80 in attorneys' fees for time required to effectuate service.

**IT IS SO ORDERED.**

Dated: November 9, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge